**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


**UNITED STATES OF AMERICA**

**vs.**                                                    **5:07cr49/RS**
                                                           **5:09cv47/RS/MD**


**KIM DEMETRIUS BENSON**

---

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255  (doc. 126).  The government has filed a response (doc. 134) and the defendant has not filed a reply despite having been directed, on April 27, 2009, to do so.  (Doc. 135). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.


## BACKGROUND

Defendant was charged in a two count indictment with conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine, and possession with intent to distribute on a date certain.  (Doc. 18).  Defendant pleaded guilty to Count One pursuant to a written plea and cooperation agreement, a statement of facts was filed, and Count Two was dismissed. (Doc. 53, 54 & 55).

The government filed a motion concerning substantial assistance (doc. 70) in which is characterized defendant's cooperation as "marginal." (Doc. 70 at 3). The PSR reflected that defendant was held accountable for 105 grams of crack cocaine and 80 grams of powder cocaine. However, because he was a career offender, his total offense level after acceptance of responsibility adjustment was 34, his criminal history category was VI and his guidelines range was 262-327 months. He faced a statutory mandatory minimum sentence of ten years to life imprisonment. (PSR ¶¶ 16, 33, 44, 66, 67). On February 6, 2008, defendant was sentenced to a term of 262 months imprisonment. According to the court's written statement of reasons, his sentence was a 32 month reduction from the midpoint of the guidelines range in recognition of his "marginal" cooperation. (Doc. 73). Defendant did not file a timely appeal.

On July 25, 2008, over five months after sentencing, defendant filed a Motion for Leave to File Notice of Appeal Out of Time. (Doc. 102). He asserted in the motion that he had asked counsel to file an appeal after sentencing, but that he had been unable to reach him to discuss the status of said appeal. The government and trial counsel Thomas Cassidy, III filed responses in opposition (doc. 113 & 114) and Patrick Jackson, counsel appointed for the defendant for purposes of the motion, also filed a response to the court's order. (Doc. 106). Defendant also filed a letter to the court expressing dissatisfaction with Mr. Jackson. (Doc. 108).

A hearing was scheduled before Judge Smoak for November 12, 2008. At that time, defendant, who was represented by attorney Dustin Stephenson at the hearing, informed the court that after consultation with counsel, he did not intend to file an appeal but was waiving his right to an appeal. The basis for his decision was apparently that most of the issues he wished to raise were not directly appealable, but were more properly raised in a § 2255, and also that defendant wished "to keep the door cracked open on a Rule 35 possibility." (Doc. 134, exh. A at 4). His motion was therefore denied as moot. (Doc. 121).

On July 24, 2008, defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 101). The court filed a Notice of Intent to Reimpose Sentence, indicating its intent to impose the same sentence (doc. 105). No response was filed, and defendant's motion was denied on September 3, 2008, because, as a career offender, he was not eligible for relief. (Doc. 110).

The instant motion was timely filed on February 9, 2009. The government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is

entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

## Ineffective assistance of counsel

Many of defendant's claims related to alleged deficiencies in counsel's performance. Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146

L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). **"***Strickland's* **two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea."** *Yordan v. Dugger,* **909 F.2d 474, 477 (11th Cir. 1990) (citing** *Hill v. Lockhart*, **474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985));** *United States v. Pease*, **240 F.3d 938, 941 (11th Cir. 2001). In applying** *Strickland*, **the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.**

In determining whether counsel's conduct was deficient, this court must, with much deference, consider **"whether counsel's assistance was reasonable considering all the circumstances."** *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* **480 F.3d 1092, 1099 (11th Cir. 2007)***; Atkins v. Singletary*, **965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance."** *Yordan v. Dugger*, **909 F.2d 474, 477 (11th Cir. 1990) (citing** *Harich v. Dugger*, **844 F.2d 1464, 1469 (11th Cir. 1988);** *Dingle v. Secretary for Dept. of Corrections,* **480 F.3d 1092, 1099 (11th Cir. 2007)***; Chandler v. United States,* **218 F.3d 1305, 1314 (11th Cir. 2000);** *Lancaster v. Newsome*, **880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.** *Strickland*, **466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."** *Gordon v. United States,* **518 F.3d 1291, 1301 (11th Cir. 2008);** *United States v. Freixas*, **332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting** *Brownlee v. Haley*, **306 F.3d 1043, 1059 (11th Cir. 2002)(quoting** *Strickland*, **466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and** *Chandler v. United States*, **218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel,**

the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly

prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

## Defendant's specific claims

Although defendant has separated his claims into five grounds for relief on the § 2255 form, the majority of these claims are utterly lacking in factual detail, and contain significant overlap.  In addition, defendant has failed to provide any response in opposition to the government's response to his motion.  The court has consolidated and organized the defendant's grounds for relief to the extent possible and now addresses them in turn.

### 1.  Failure to file an appeal

Defendant first contends that counsel was constitutionally ineffective because, after having been instructed to appeal and agreeing to do so, he did not file the requested appeal, and thereafter counsel avoided defendant's correspondence. It is well established that if a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable.  *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)).  Since a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and

the defendant is entitled to a belated appeal.  *Id.*; *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).

The issue of an appeal of defendant's sentence was the subject of his previous letter motion to file an out of time appeal.  As noted above, both the government and defendant's previous counsel filed responses to the motion, at the direction of the court, as did a CJA attorney who was appointed for the purpose of representing defendant solely with respect to his request for an out of time appeal. Defendant was dissatisfied with the first attorney who was appointed to represent him, and another lawyer represented him at the evidentiary hearing on the motion. However, at this hearing, in lieu of presenting evidence in support of his position that he was entitled to an out of time appeal, defendant informed the court on the record that he waived his right to appeal.  (Doc. 134, exh A at 3).  Defendant also expressly told the court that he understood that as a result of this waiver, any future opportunity to appeal would be foreclosed.  *Id.*  At the time, defendant apparently hoped to keep open his chances of receiving a Rule 35 sentence reduction.  The record reflects that he ultimately did not benefit from such a motion.  Defendant's disappointment that his additional cooperation did not result in a sentence reduction does not entitle him to rescind his unequivocal waiver of his right to appeal and reopen this issue.

2. Career Offender Classification

Defendant next contends that counsel failed to object to his classification as a career offender.  Under § 4B1.1 of the Sentencing Guidelines, a defendant is considered a Career Offender if he is at least 18 years old at the time the offense is committed, the instant offense is a felony controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  The first two requirements are not reasonably in dispute.  Likewise, defendant clearly met the third requirement.  The PSR reflects that defendant was convicted of Armed Robbery on May 8, 1995 in Henry County

Georgia and again of three counts of Armed Robbery on September 24, 1996 in Fulton County Georgia. The offense of Armed Robbery is a crime of violence which qualifies as a predicate offense under § 4B1.1, and therefore the record reflects that defendant had two qualifying convictions.

Defendant makes a conclusory statement that the prior convictions were "related" in that they were not separated by an intervening arrest and were part of a common scheme and plan involving the common victims and the same accomplices. Actually, the PSR reflects that the first conviction involved the robbery of a Shoney's Restaurant whereas the other three robberies were "armed robbery by intimidation and by use of a handgun" and involved individual victims. From the PSR, the common factor in the robberies appears to be use of a firearm, which is insufficient to make the convictions related. Furthermore, regardless of whether there was an intervening arrest, the sentences are properly counted separately because they were neither imposed on the same day nor charged in the same charging document. See § 4A1.2, U.S.S.G.

Defendant also contends that these convictions were invalid because they were uncounseled. Contrary to defendant's assertion, the PSR reflects that defendant was represented by an attorney in these cases. (PSR ¶ 38 & 40). He has provided no evidence or even any further detail to support his statement.

Based on the foregoing, defendant cannot establish either that he was improperly designated as a career offender or that counsel was constitutionally ineffective for his failure to object to or investigate the propriety of the designation.

3. Failure to make defendant aware of consequences of plea

Defendant states that he was never advised of the consequences of his plea. He claims that he was not informed of the enhancements to his sentence under career offender laws. He thus contends his plea was unknowing and involuntary. In accepting a guilty plea, a court must ensure (1) that the defendant's guilty plea is voluntary and free from coercion; (2) that the defendant understands the nature of

the charges; and (3) that he understands the direct consequences of his guilty plea. *Gordon v. United States,* 518 F.3d 1291 (11th Cir. 2008) (citing *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003)). An allegation of a coerced plea, supported by a factual allegation, can support a §2255 motion. *See Fontaine v. United States*, 411 U.S. 213, 214-15, 93 S.Ct. 1461, 1462-63, 36 L.Ed.2d 169 (1973); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).

Although no transcripts were prepared of the plea proceeding, the court's minutes of his arraignment reflect that, contrary to defendant's assertion, he was specifically advised of his rights and of the "nature and possible consequences of said plea." (Doc. 52). The written plea agreement also reflected that defendant faced a statutory mandatory minimum sentence of ten years and a maximum of life, that he would not be permitted to withdraw his guilty plea, that his sentence would be left solely to the discretion of the District Court and that any prediction of his sentence was neither a guarantee nor a binding promise. (Doc. 54). Defendant's assertion that he was coerced into pleading guilty by the enticement of a more lenient sentence or that he was unaware of the sentence he faced are thus contradicted by the record and defendant has not shown his entitlement to relief.

4. <u>Government's breach of plea agreement/§5K1 issue</u>

Defendant asserts that counsel was constitutionally ineffective because he failed to object to the government's breach of the plea agreement. Defendant contends that the government did not make known the full extent of his cooperation to the court, and that in spite of having filed a § 5K1 motion the AUSA made harsh statements about defendant at sentencing, including bringing up defendant's non-cooperation against his girlfriend,[1] rather than leaving the sentencing decision to the district court. Defendant does not state what cooperation the government should have brought to the court's attention but did not reveal. Two days before sentencing

---

[1]Defendant states in his motion that his "non-cooperation against his girlfriend was an oral agreement." The court does not credit this assertion as it is contradicted by the plain language of defendant's plea agreement which provides that "[t]here are no other agreements" between the parties. (doc. 54 at 6)

the government filed a "Motion Concerning Substantial Assistance" (doc. 70). In accordance with the provision of the plea agreement that the government would make known its opinion as to the nature and extent of defendant's cooperation (doc. 54 at 3), this motion set forth both positive and negative aspects of defendant's cooperation and dealings with law enforcement, including the fact that he likely would not be called to testify as a witness because his "lengthy history of drug abuse and his manipulative personality make communications with him difficult" and that he drank himself into a coma while incarcerated by imbibing contraband jailhouse brew. (Doc. 70 at 1-2). The fact that defendant was not pleased with the content of the motion does not warrant a finding that the government breached the plea agreement by not painting a more favorable picture of defendant's attempts at cooperation.

Defendant also asserts that no ruling was made on the motion. Defendant is mistaken. The court's Statement of Reasons (doc. 73) stated that:

> A substantial assistance motion was filed, but the defendant's cooperation was considered marginal. The Court imposed a sentence at the low end of the range in recognition of his cooperation. The sentence, as imposed, represents a 32-month reduction from the midpoint of the range.

(Doc. 73 at 2). He has shown no basis for relief.

5. <u>Erroneous advice regarding appeal</u>

Defendant contends that he was misadvised when he was told that he had only 2255 issues, when in fact the breach of plea agreement and the court's failure to rule on his § 5K1.1 motion would have been reviewable on direct appeal. As discussed above, there was no breach of the plea agreement, and the court did rule on the § 5K1 motion.

Counsel stated at the evidentiary hearing that the unspecified issues he discussed with the defendant were not directly appealable, but more properly raised in a § 2255 motion. (Doc. 134, exh. A at 4). Furthermore, a defendant who is hoping

to obtain the benefit of a Rule 35 motion will forgo an appeal and continue to cooperate. Defendant does not state that he would have appealed rather than forgone the opportunity to try for a Rule 35. And, in light of defendant's waiver of his appellate rights, no relief is warranted on this ground.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 126) be DENIED.

At Pensacola, Florida, this 28th day of July, 2009.

/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).